**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4322**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

VINCENT LASHAWN BONDS,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00227-02)

Submitted: September 25, 2008     Decided: October 10, 2008

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, David A. Brown, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Lashawn Bonds pleaded guilty, without a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Bonds to 188 months of imprisonment. We affirm.

Bonds first asserts that he received ineffective assistance of counsel because counsel was unaware of the superseding indictment that included reference to 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2008). Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record leads us to conclude that it does not conclusively show that counsel was ineffective.

A sentencing enhancement based on the defendant's prior convictions is not a part of the charge, and need not be included in the indictment. United States v. Thompson, 421 F.3d 278, 280-84

2

(4th Cir. 2005). Thus, counsel's lack of knowledge of Bonds' potential armed career criminal status does not constitute ineffective assistance. Even if counsel's performance were deemed deficient, Bonds was not prejudiced, as he was given an opportunity to withdraw his plea at the start of the sentencing hearing when the district court acknowledged the error at the plea hearing regarding Bonds' status. Bonds elected to proceed with sentencing with full knowledge of the armed career criminal sentencing provisions, and thus cannot show that, but for counsel's performance, he would have elected to plead not guilty and proceed to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Bonds next argues that the district court erred in sentencing him as an armed career criminal because his prior convictions should not be considered as separate offenses. Review of a district court's application of a statutory sentencing enhancement is de novo. United States v. Letterlough, 63 F.3d 332, 334 (4th Cir. 1995). Bonds acknowledges this court's precedent that was properly applied by the district court, but asserts it should be reconsidered. Bonds has not provided any persuasive reason why these decisions should be reconsidered, and "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation

3

marks and citations omitted). The district court properly determined that Bonds was an armed career criminal.

Bonds' final argument is that the district court erred in relying on hearsay evidence to enhance his sentence for discharging a firearm. Although he states his argument as contesting the factual basis for his conviction, the determination of whether he discharged the firearm is not an element of the felon-in-possession offense, but rather a sentencing factor. Bonds notes that, following Apprendi v. New Jersey, 530 U.S. 466 (2000), any fact, other than a prior conviction, that increases his sentence beyond the statutory maximum must be included in the indictment and either admitted by the defendant or found by the jury. In this case, based on his status as an armed career criminal, Bonds faced a maximum sentence of life imprisonment. United States v. Presley, 52 F.3d 64, 70 (4th Cir. 1995). The enhancement for discharging the firearm thus did not increase his sentence beyond the statutory maximum.

This court has held that, after United States v. Booker, 543 U.S. 220 (2005), a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). The guidelines provide that "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its

4

admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a). This court has recognized the broad variety of evidence that a district court may consider in finding sentencing facts, and has allowed even illegally obtained evidence to be used at sentencing. <u>United States v. Nichols</u>, 438 F.3d 437, 439-44 (4th Cir. 2006). We conclude that the district court did not err in determining that Bonds possessed the firearm in connection with a violent felony, and properly imposed the enhanced offense level under the armed career criminal guideline.

Accordingly, we affirm Bonds' conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>